JUDGE KOELTL

08 CV 01706

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DDK & COMPANY LLP

                Plaintiff,

-against-

LENNY DYKSTRA and TERRY DYKSTRA

                Defendants.

Civil Action No.:

Date of Purchase:

Assigned to:

**VERIFIED COMPLAINT**

RECEIVED FEB 21 2008 U.S.D.C. S.D.N.Y. CASHIER

Plaintiff, DDK & Company LLP, by its attorneys, Rogovin Golub Bernstein & Wexler, LLP, complaining of the defendants Lenny Dykstra and Terry Dkystra as and for its verified complaint sets forth and alleges as follows:

JURISDICTIONAL STATEMENT

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332.

2. At all times hereafter mentioned, plaintiff, was and still is, a limited liability partnership engaging in the practice of accounting and tax. It located at One Penn Plaza, 54th Floor, New York, New York 10119.

3. At all times hereafter mentioned, defendants upon information and belief resided at 1072 Newbern Court, Thousand Oaks, California 91361.

4. The amount of controversy is in excess of Seventy-Five Thousand($75,000) Dollars exclusive of interest.

Facts Common to All Causes of Action

5. On or about February 24, 2007, defendants retained

plaintiff to, among other things, review various documents, consult with defendants and others on tax, accounting and related matters, to prepare 2006 Federal, State and Local tax returns for the Defendants and other entities which were, upon information and belief, owned by the Defendants, and to perform other accounting services.

6. Plaintiff and defendant entered into a retainer agreement.

7. Plaintiff performed substantial accounting, tax and other services according to the retainer agreement and performed all of its obligations pursuant to the retainer agreement.

8. From on or about June 15, 2007 to on or about February 6, 2008, Plaintiff billed Defendants for the accounting services which ultimately totaled $111,097.94.

9. The forgoing amount is fair and reasonable and is in accordance with the terms and provisions of the retainer agreement.

10. No part of the aforesaid sum has been paid although duly demanded.

### First Cause of Action

11. Plaintiff repeats and realleges paragraphs 1 through 10 with the same force and effect as if set forth at length herein.

12. As a result of the forgoing, there is now due and owing from defendants to plaintiff the sum of $111,097.94, no part of which sum has been paid although duly demanded.

### Second Cause of Action

13. Plaintiff repeats and realleges paragraphs 1 through 12 with the same force and effect as if fully set forth at length hereat.

14. The failure of defendants to pay, after the plaintiff performed all the services required according to the Retainer Agreement, has unjustly enriched the defendants by the sum of $111,097.94, no part of which has been paid.

15. As a result of the foregoing, defendants now owe plaintiff the sum of $111,097.94, no part of which has been paid although duly demanded.

### Third Cause of Action

16. Plaintiff repeats and realleges paragraphs 1 through 15 with the same force and effect as if fully set forth at length hereat.

17. The reasonable value of the tax, accounting and other services performed by plaintiff is in excess of the amount billed by the sum of $27,774.85, which is 25% of the amount billed, so that the fair and reasonable value of the tax, accounting and other services is $138,872.43.

18. As a result of the foregoing, defendants are liable to plaintiff in *quantum meruit* for the sum of $138,872.43, no part of which has been paid although duly demanded.

### Fourth Cause of Action

19. Plaintiff repeats and realleges paragraphs 1 through 18 with the same force and effect as if fully set forth at length hereat.

20. Plaintiff, during the course of its services, rendered periodic invoices/bills to the plaintiff.

21. On or about February 6, 2008 plaintiff rendered an invoice/bill to defendant in the total sum of $111,097.43.

22. The defendants did not notify or inform the plaintiff that any of the bills/invoices were incorrect, unreasonable or that the plaintiff was not entitled to full payment pursuant to the invoices/bills.

23. The invoices/bills constitute accounts stated.

24. As a result of the foregoing, defendants now owe plaintiff the sum of $111,097.94, no part of which has been paid although duly demanded.

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

1. On the first cause of action in the sum of One Hundred Eleven Thousand Ninety Seven Dollars and Ninety Four Cents ($111,097.94) together with interest thereon from the date of each invoice/bill for the accounting services performed;

2. On the second cause of action in the sum of One Hundred Eleven Thousand Ninety Seven Dollars and Ninety Four Cents ($111,097.94) together with interest thereon from the date of each invoice/bill for the accounting services performed;

3. On the third cause of action in the sum of One Hundred Thirty Eight Thousand Eight Hundred Seventy Two Dollars and Forty Three Cents ($138,872.43)

together with interest thereon from the date of each invoice/bill for the accounting services performed;

4. On the fourth cause of action in the sum of One Hundred Eleven Thousand Ninety Seven Dollars and Forty Three Cents ($111,097.43) together with interest thereon from the date of each invoice/bill for the accounting services performed;

5. Awarding plaintiff counsel fees, costs and disbursements in connection with the prosecution of this action;

6. Awarding to plaintiff such other, further and different relief as to this Court may seem just and proper in the circumstances;

7. Awarding plaintiff such other damages as may be proven at the trial of this action.

Dated:  New York, New York           Yours, etc.
        February 19, 2008

                                     ROGOVIN GOLUB BERNSTEIN
                                     & WEXLER, LLP

                                     By: _____ (5663)
                                     Benjamin J. Golub
                                     Attorneys for Plaintiff
                                     10 East 40th Street
                                     New York, New York 10016
                                     (212) 686-4300

TO: Lenny Dkystra & Terri Dkystra
    1072 Newbern Court
    Thousand Oaks
    California 91361

To: Clerk of the United States
    District Court Southern District of New York

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DDK & COMPANY LLP

                     Plaintiff,

-against-

LENNY DYKSTRA and TERRY DYKSTRA

                     Defendants.

Civil Action No.:

VERIFICATION

---

STATE OF NEW YORK )
                     )SS.:
COUNTY OF NEW YORK )

    Allen R. Dorkin, being duly sworn, deposes and says that deponent is the Senior Partner of the plaintiff in the within action; that deponent has read the foregoing Verified Compliant and knows the contents thereof; that the same are true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters deponent believes them to be true.

                                              _____
                                              Allen R. Dorkin

Sworn to before me this
19th day of February, 2008

_____
Notary Public

**KALPANA B. PATEL**
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01PA6141925
Qualified in New York County
Commission Expires Feb. 27, 2010

Index No. ................    Year 20......

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DDK & COMPANY, LLP,

                              Plaintiff,

-against-

LENNY DYKSTRA and TERRY DYKSTRA

                              Defendants.

---

VERIFIED COMPLAINT

---

**ROGOVIN GOLUB BERNSTEIN & WEXLER, LLP**
*Attorneys for*        PLAINTIFF

10 EAST 40TH STREET
NEW YORK, N.Y. 10016
(212) 686-4300

---

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

Dated: ................    Signature ................

                              Print Signer's Name ................

---

Service of a copy of the within                      *is hereby admitted.*

Dated: ................

                              Attorney(s) for

---

PLEASE TAKE NOTICE

☐ NOTICE OF ENTRY
that the within is a (certified) true copy of a
entered in the office of the clerk of the within named Court on         20

☐ NOTICE OF SETTLEMENT
that an Order of which the within is a true copy will be presented for settlement to the Hon.         one of the judges of the within named Court,
at
on         20     , at        M.

Dated:

                              **ROGOVIN GOLUB BERNSTEIN & WEXLER, LLP**
                              *Attorneys for*

                              10 EAST 40TH STREET
                              NEW YORK, N.Y. 10016
To:                           (212) 686-4300