Douglas F. Broder (DB 8406)
Elizabeth M. Harris (EH 4368)
KIRKPATRICK & LOCKHART
 PRESTON GATES ELLIS LLP
599 Lexington Avenue
New York, New York 10022
Telephone: 212.536.3900
Facsimile: 212.536.3901

*Attorneys for Defendants*
*Lenny Dykstra and Terry Dykstra*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------- x
DDK & COMPANY LLP,

                Plaintiff,

            v.

LENNY DYKSTRA and TERRY DYKSTRA,

                Defendants.
-------------------------------------------------------- x

08 Civ. 01706 (JK)

**VERIFIED ANSWER**

    Defendants Lenny Dykstra and Terry Dykstra ("Defendants") by their undersigned attorneys, for their Answer to the Verified Complaint (the "Complaint") of DDK & Company LLP ("Plaintiff") state as follows:

**JURISDICTIONAL STATEMENT**

    1.    Defendants deny that the amount in controversy satisfies the jurisdictional requirements of 28 U.S.C. § 1332, and so deny those allegations on that basis.

    2.    Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation of paragraph 2 of the Complaint, and so deny those allegations on that basis.

3. Admit the allegations set forth in paragraph 3 of the Complaint.

4. Defendants admit that Plaintiff has alleged an amount in excess of Seventy-Five Thousand Dollars ($75,000), but deny that Defendants owe Plaintiff said amount.

## FACTS COMMON TO ALL CAUSES OF ACTION

5. Admit the allegations set forth in paragraph 5 of the Complaint.

6. Admit the allegations set forth in paragraph 6 of the Complaint.

7. Deny the allegations set forth in paragraph 7 of the Complaint, and to the extent the allegations in paragraph 7 relate to the retainer agreement, Defendants respectfully refer the Court to the contents thereof.

8. Deny the allegations set forth in paragraph 8 of the Complaint.

9. Deny the allegations set forth in paragraph 9 of the Complaint, and to the extent the allegations in paragraph 9 relate to the retainer agreement, Defendants respectfully refer the Court to the contents thereof.

10. Deny the allegations set forth in paragraph 10 of the Complaint, except admit that Defendants have not paid the aforesaid sum.

## FIRST CAUSE OF ACTION

11. In response to paragraph 11 of the Complaint, Defendants repeat and reallege paragraphs 1 through 10 above as if fully set forth herein.

12. Deny the allegations set forth in paragraph 12 of the Complaint, except admit that Defendants have not paid the aforesaid sum.

## SECOND CAUSE OF ACTION

13. In response to paragraph 13 of the Complaint, Defendants repeat and reallege paragraphs 1 through 12 above as if fully set forth herein.

14. State that no answer is required to the allegations set forth in paragraph 14 because each such allegation is a legal conclusion to which no answer is required, and to the extent that a response is required, deny the allegations.

15. Deny the allegations set forth in paragraph 15 of the Complaint.

### THIRD CAUSE OF ACTION

16. In response to paragraph 16 of the Complaint, Defendants repeat and reallege paragraphs 1-15 above as if fully set forth herein.

17. Deny the allegations set forth in paragraph 17 of the Complaint.

18. State that no answer is required to the allegations set forth in paragraph 18 because each such allegation is a legal conclusion to which no answer is required, and to the extent that a response is required, deny the allegations.

### FOURTH CAUSE OF ACTION

19. In response to paragraph 19 of the Complaint, Defendants repeat and reallege paragraphs 1-18 above as if fully set forth herein.

20. Deny the allegations set forth in paragraph 20 of the Complaint.

21. Admit the allegations set forth in paragraph 21 of the Complaint.

22. Deny the allegations set forth in paragraph 22 of the Complaint.

23. State that no answer is required to the allegations set forth in paragraph 23 because each such allegation is a legal conclusion to which no answer is required, and to the extent that a response is required, deny the allegations.

24. Deny the allegations set forth in paragraph 24 of the Complaint.

## DEFENSES AND AFFIRMATIVE DEFENSES

### FIRST

Plaintiff's claims are barred by the doctrine of illegality, including but not limited to illegal acts undertaken by Plaintiff.

### SECOND

Plaintiff's claims are barred because the court lacks personal jurisdiction over Defendants.

### THIRD

The Complaint fails to state a claim upon which relief can be granted.

### FOURTH

Plaintiff's claims are barred because the court lacks subject matter jurisdiction.

### FIFTH

Plaintiff's claims are barred because Plaintiff failed to obtain a required professional license.

### SIXTH

Plaintiff's claims are barred by the doctrines of estoppel, laches and waiver.

### SEVENTH

Plaintiff's claims are barred because the relief sought by Plaintiff, if granted, would result in Plaintiff's unjust enrichment.

### EIGHTH

Plaintiff's claims are barred, in whole or in part, by the doctrine of *in pari delicto*, or unclean hands.

## NINTH

Plaintiff's claims are barred by Plaintiff's prior breaches, defaults, and failures to perform.

## TENTH

Plaintiff's claims are barred because Plaintiff breached its contractual and common law obligations to Defendants.

## ELEVENTH

Plaintiff's claims are barred because Defendants have fully performed any and all of their duties with regard to their contracts with Plaintiff.

## TWELFTH

Defendant reserves its right to assert additional defenses and affirmative defenses as they become known to it.

**WHEREFORE**, Defendants demand judgment dismissing the Complaint with prejudice, together with the costs and disbursements of this action, reasonable attorneys' fees and such other and further relief as the Court deems just and proper.

Dated: New York, New York
      June 20, 2008

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP

By: _____
Douglas F. Broder (DB 8406)
Elizabeth M. Harris (EH 4368)

599 Lexington Avenue
New York, New York 10022
212-536-3900

*Attorneys for Defendants
Lenny Dykstra and Terry Dykstra*

- 5 -

## ATTORNEY VERIFICATION

The undersigned, DOUGLAS F. BRODER, an attorney admitted to practice in the United States District Court, Southern District of New York affirms:

I am the attorney of record for LENNY DYKSTRA AND TERRY DYKSTRA, defendants in the within action; I have read the foregoing VERIFIED ANSWER and know the contents thereof; that the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and belief, as to those matters, I believe them to be true.

The grounds for my belief as to all matters not stated upon my knowledge are investigations of documents, which I have made or have caused to be made concerning the subject matter of this action, and statements of parties and/or witnesses made herein.

The undersigned affirms that the foregoing statements are true under the penalties of perjury.

Dated: New York, New York
       June 20, 2008

By: _____
    Douglas F. Broder